# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | | |
|---|---|---|
| Margie Brown, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 5:21-cv-3494-TMC |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Tracey Matthews; Joseph Dempsey; Kari Maratea; Christopher Cooper; Alexander Johnson; Michael Kornahrens; Sean McPherson; Michael Brown; Tireka Cerone; Andrew Glover; Reggie Burgess; Pula Schaffer; Justin Infinger; and Thelma Grant, | ) ) ) ) ) ) ) ) | |
| Defendants, | ) | |

Plaintiff Margie Brown ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this action asserting civil rights claims under 42 U.S.C. § 1983 and claims under state law. (ECF Nos. 1; 33). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court summarily dismiss Plaintiff's amended complaint (ECF No. 33) and decline to exercise supplemental jurisdiction over any remaining state law claims for relief pursuant to 28 U.S.C. § 1367(c)(3). (ECF No. 44 at 8). Plaintiff filed objections to the Report (ECF No. 50). The court concludes a hearing is unnecessary to decide this matter as the materials before it adequately present the issues.

The Report thoroughly summarizes the facts and procedural posture of this case, (ECF No. 44 at 1–5), and Plaintiff did not object to this recitation. Accordingly, the court need not recount the facts in detail here and adopts the magistrate judge's factual and procedural summary. With

1

respect to Plaintiff's claims that she suffered verbal abuse and racial slurs from Defendant Dempsey during the intake process at the Charleston County Jail and from Defendant McPherson during a traffic stop, the magistrate judge concluded Plaintiff's allegations "do not rise to the level of a constitutional violation sufficient to bring this matter under § 1983." *Id*. at 5. Additionally, to the extent Plaintiff was asserting an Equal Protection claim based on the alleged verbal harassment, the magistrate judge determined that Plaintiff's "conclusory allegations of discrimination" were insufficient to state an actionable § 1983 claim. *Id*. The magistrate judge further found that Plaintiff's claims that Defendants Brown and Matthews failed to properly investigate Dempsey and McPherson for their alleged misconduct failed to assert a viable constitutional claim "as Plaintiff does not have a constitutional right to an investigation." *Id*. at 6.

Plaintiff claimed that Defendant Cooper filed a false report that he received information that Plaintiff's home had been vandalized. The magistrate judge determined that the alleged filing of a false report, without more, failed to state a claim under § 1983. (ECF No. 44 at 7). As for Plaintiff's claim that Defendant Cooper conspired with Plaintiff's landlord to file the alleged false report, the magistrate judge determined that Plaintiff alleged "no concrete facts to demonstrate Defendants acted with a discriminatory motive, or came to a mutual understanding or acted jointly in concert to deprive Plaintiff of any constitutional right." *Id*. For the same reasons, the magistrate judge concluded Plaintiff failed to state a viable conspiracy claim to the extent she alleged that Defendants Dempsey, Matthews, and Maratea conspired to deprive her of body camera footage of her intake into Charleston County jail and of the traffic stop involving McPherson. *Id*.

Finally, the magistrate judge concluded that Plaintiff's allegations that Defendants failed to follow North Charleston Police Department policies failed to amount to a constitutional violation, and that, to the extent Plaintiff attempted to assert a claim under the Freedom of

2

Information Act ("FOIA") was without merit as FOIA does not apply to state officials. *Id*. at 8. Accordingly, the magistrate judge recommended that Plaintiff's federal claims be summarily dismissed and that the court decline to exercise supplemental jurisdiction over any claims Plaintiff asserted under state law. *Id*. at 8–9.

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id*. at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g., Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to

Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Although Plaintiff filed objections to the Report, (ECF Nos. 50; 50-1), they are almost entirely unrelated to the dispositive findings and recommendations therein. Plaintiff appears to simply object to the recommended dismissal of her action. (ECF No. 50-1 at 1). It is well-settled that objections which "merely express disagreement with the magistrate judge's Report . . . in lieu of any actual argument or specific assertion of error in the magistrate judge's findings" do not constitute specific objections requiring de novo review by this court. *Lowdermilk v. LaManna*, No. 8:07-cv-2944-GRA, 2009 WL 2601470, at *2 (D.S.C. Aug. 21, 2009); *see also Orpiano v. Johnson*, 687 F.2d 44, 47–48 (4th Cir. 1982) (noting that de novo review is not required where a party makes only general and conclusory objections that do not direct the court to a specific error in the Report). Additionally, Plaintiff's objections simply repeat the allegations set forth in her amended complaint. (ECF No. 50-1 at 1–2). "[A]n objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object." *Jesse S. v. Saul*, No. 7:17-cv-00211, 2019 WL 3824253, at *1 (W.D. Va. Aug. 14, 2019); *see also, e.g.*, *Howard*, 408 F. Supp. 3d at 726 (noting "[c]ourts will not find specific objections where parties 'merely . . . rehash the same arguments presented in their [earlier] filings'"); *Nichols v. Colvin*, No. 2:14-cv-50, 2015 WL 1185894, at *8 (E.D. Va. Mar. 13, 2015) (finding that the rehashing of arguments raised to the magistrate judge does not comply with the requirement to file specific objections). Indeed, a district court "may reject perfunctory or rehashed objections to

R&Rs that amount to a second opportunity to present the arguments already considered by the Magistrate Judge." *Heffner v. Berryhill*, No. 2:16-cv-820, 2017 WL 3887155, at *3 (D.S.C. Sept. 6, 2017) (internal quotation marks omitted).

Accordingly, because Plaintiff has failed to set forth any specific objections to the Report, the court need only review the Report for clear error. Having thoroughly reviewed the Report and the record in this case, the court, finding no clear error, agrees with and wholly **ADOPTS** the magistrate judge's findings and recommendations in the Report (ECF No. 44), which are incorporated herein by reference. This action, therefore, is **DISMISSED** without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
November 29, 2022

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.